UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JESSICA BOWERS, and
LORI HOOVER,

                              Plaintiffs,

        v.

SMC CORPORATION, and
R.G. ROB STANEK, Individually and/or as
 Successor in Interest to SMC Corporation
 doing business as SMC Corporation,

                         Defendants.

**DECISION
and
ORDER**

**07-CV-0748A(F)**

───────────────────────────────

APPEARANCES:        LIPSITZ GREEN SCIME CAMBRIA LLP
                        Attorneys for Plaintiffs
                        LARAINE KELLEY, of Counsel
                        42 Delaware Avenue
                        Suite 120
                        Buffalo, New York 14202

                        GIBSON, McASKILL & CROSBY, LLP
                        Attorneys for Defendants
                        ELIZABETH M. BERGEN, of Counsel
                        69 Delaware Avenue
                        Suite 900
                        Buffalo, New York 14202-3866

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on

November 19, 2007 for all pretrial matters.  The matter is presently before the court on

Plaintiffs' motion to remand (Doc. No. 9), filed December 11, 2007.[1]

─────────────────────

[1] The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed.  *Wachovia Bank National Assoc. v. Deutsche Bank Trust Co.*, 397 F.Supp.2d 698 (W.D.N.C. Nov. 8, 2005); *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments.*

## BACKGROUND and FACTS[2]

Plaintiffs Jessica Bowers ("Bowers"), an infant, and her mother, Lori Hoover ("Hoover") (together, "Plaintiffs"), commenced this action in New York Supreme Court, Niagara County ("New York Supreme Court, Niagara County" or "state court"), on October 1, 2007, seeking monetary damages for personal injuries arising out of an October 2, 2004 accident ("the accident") in which Bowers was injured while using a Ford New Holland Post Hole Digger ("the digger").  Defendants to this action include the manufacturer of the digger, SMC Corporation ("SMC"), and R.G. Rob Stanek ("Stanek"), either doing business as, or as successor in interest to, SMC (together, "Defendants").  It is undisputed that Plaintiffs are New York residents, whereas Defendants are residents of Illinois.

Prior to commencing the instant action, Plaintiffs had separately filed, also in New York Supreme Court, Niagara County, three lawsuits arising out of the same accident, including (1) a February 8, 2005 action against New Holland North America, Inc., f/k/a Ford New Holland, Inc., Case New Holland Inc., NEAPCO, LLC, United Components, Inc., and Niagara Frontier Equipment Sales, Inc., f/k/a Niagara Ford New Holland, Inc. ("the February 8, 2005 action"); (2) a June 3, 2005 action against Peter A. Smith ("the June 3, 2005 action"); and (3) a March 21, 2007 action against Alamo

---

*Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988).  *See Mahl Bros. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 307 F.Supp.2d 474 478 (W.D.N.Y. 2004) (Arcara, C.J.) (denying under 28 U.S.C. § 636(b)(1)(A), plaintiff's objections to undersigned's decision denying motion to remand as not "clearly erroneous or contrary to law.").  Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] The Facts are taken from the pleadings and motion papers filed in this action.

Group (SMC), Inc., Individually and as Successor in Interest to SMC Corporation ("the March 21, 2007 action") (together, "the state court actions").  By stipulation filed May 11, 2006, in New York Supreme Court, Niagara County, the June 3, 2005 action was consolidated with the February 8, 2005 action, and such consolidation was confirmed by stipulation filed May 15, 2007 in the state court.

On November 7, 2007, Defendants removed the action to this court (Doc. No. 1) ("Removal Notice") asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction.  On December 11, 2007, Plaintiffs filed the instant motion (Doc. No. 9) ("Plaintiffs' motion") seeking to join the defendants from the three state court actions, thereby destroying diversity jurisdiction, and remand the action to state court.  The motion is supported by the attached Affidavit of Laraine Kelley, Esq. ("Kelley Affidavit"), exhibits A through I ("Plaintiffs' Exh(s). __"), and Plaintiffs' Memorandum of Law is Support of Motion to Join Defendants and Remand Action to State Court ("Plaintiffs' Memorandum").

In opposition to remand, Defendants filed on January 11, 2008, the Affidavit of Elizabeth M. Bergen, Esq. (Doc. No. 13) ("Bergen Affidavit"), and a Memorandum of Law (Doc. No. 14) ("Defendants' Memorandum").  In further support of remand, Plaintiffs filed, on January 15, 2008, the Reply Affidavit of Laraine Kelley, Esq. (Doc. No. 16) ("Kelley Reply Affidavit").  Oral argument was deemed unnecessary.

Based on the following, Plaintiffs' motion is GRANTED, and the matter is remanded to state court.

## DISCUSSION

**1.    Remand**

Removal of a state court proceeding to federal court is provided for under 28

U.S.C. § 1441(a) ("§ 1441(a)") which states in pertinent part

> any civil action brought in a State court of which the district courts of the United
> States have original jurisdiction, may be removed by the defendant or the
> defendants, to the district court of the United States for the district and division
> embracing the place where such action is pending.

Thus, actions asserting only claims arising under federal law are removable regardless

of a defendant's citizenship because 28 U.S.C. § 1331 grants federal courts "original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States."  District courts also have original jurisdiction of civil actions where, as

here, the amount in controversy exceeds $ 75,000 and is allegedly between citizens of

different states.  28 U.S.C. § 1332(a)(1).

Because federal courts are courts of limited jurisdiction, and as removal of a case

raises issues of federalism, removal statutes are narrowly construed and doubts are

resolved against removal.  *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-

46 (2d Cir. 1991).  The removal statute is construed according to federal law.

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Somlyo, supra*, at

1047.  Upon remanding a removed action to state court, the district court is permitted to

"require payment of just costs and any actual expenses, including attorney fees,

incurred as a result of the removal under section 1446(a)."  28 U.S.C. § 1447(c).

In the instant case, as noted, Defendants removed this action from New York

Supreme Court, Erie County, pursuant to 28 U.S.C. § 1441(b), asserting subject matter

jurisdiction based on complete diversity of citizenship under 28 U.S.C. § 1331.

Removal Notice ¶ 13.  Plaintiffs do not dispute that diversity jurisdiction exists with

regard to the instant action.  Rather, Plaintiffs seek to join as defendants in this action,

the same defendants in the state court actions, which would both destroy diversity

jurisdiction and require, under 28 U.S.C. § 1447(e) ("§ 1447(e)"), remanding the action

to state court.  Plaintiffs' Memorandum at 2-5.

    In opposition to Plaintiffs' motion, Defendants argue that the relevant factors for

permissive joinder do not weigh in favor of joinder, asserting that Plaintiffs' filing of four

separate lawsuits in state court indicates Plaintiffs's desire for "piecemeal" litigation.

Defendants' Memorandum at 2-3.  Defendants further maintain that given the initial

state court action has been pending since February 8, 2005, and most discovery in that

action is complete, permitting joinder of the state court defendants to this action and

remanding the matter to state court would cause undue delay with regard to the trial of

the February 8, 2005 action.

    According to Plaintiffs, the instant action was separately commenced in state

court, rather than moving to amend the pleadings filed in the February 8, 2005 action to

add SMC and Stanek as defendants, because the statute of limitations was about to

expire with regard to Hoover's derivative claim when Plaintiffs first became aware of

Defendants' potential liability.[3]  Kelley Reply Affidavit ¶¶ 9-10.  Plaintiffs maintain that

the three previously filed state court actions were separately filed as the potential

---

[3] Although Bowers's date of birth is not found in the record, the parties do not dispute that Bowers was an infant at the time of the October 2, 2004 accident and, as such, the 3-year statute of limitations relevant to Bowers's personal injury claims was not about to expire as of October 1, 2007 when the instant action was filed in state court.

liability of the respective defendants was discovered.  *Id*. ¶¶ 5-6.  Plaintiffs also contend

they intended to consolidate the instant action with the related state court actions, but

that Defendants removed the action to this court before such consolidation could be

effected.  *Id*. ¶¶  4, 13-15.

   As relevant, federal removal law provides "[if] after removal the plaintiff seeks to

join additional defendants whose joinder would destroy subject matter jurisdiction, the

court may deny joinder, or permit joinder and remand the action to the State court."  28

U.S.C. § 1447(e).  "'The decision whether to admit the new parties is within the sound

discretion of the trial court.'"  *Clancy v. Zimmer*, 2007 WL 969237, * 4 (W.D.N.Y. Mar.

30, 2007) (quoting *Briarpatch Ltd., L.P. v. Pate*, 81 F.Supp.2d 509, 515 (S.D.N.Y. 2000).

Joinder and remand under § 1447(e), however, must first satisfy the requirements of

Fed. R. Civ. P. 20 ("Rule 20") which permits permissive joinder of multiple defendants in

one action if "any right to relief is asserted against them jointly, severally, or in the

alternative with respect to or arising out of the same transaction, occurrence, or series

of transactions or occurrences, and any question of law or fact common to all

defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A) and (B).  These

requirements are satisfied in the instant case as each of the Defendants and the state

court defendants whom Plaintiffs seek to join in the instant action were involved in the

same event - the accident - and an action including all of these parties would involve at

least one common question of law or fact.  *See Nazario v. Deere & Company*, 295

F.Supp.2d 360, 363 (S.D.N.Y. 2003) (observing in connection with motion to join parties

and remand to state court that Rule 20 did not preclude joinder of multiple defendants in

separately filed personal injury and products liability actions where removed action's

current defendants and the prospective defendants were each implicated in the subject accident and a single action including all defendants would involve at least one common question of law or fact) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) (stating that under the Federal Rules generally, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged")).  Although Rule 20 regulates whether parties may be joined, a motion to join parties also implicitly seeks to amend the Complaint to add new parties, such that the requirements of Fed. R. Civ. P. 15(a) ("Rule 15(a)") must also be met.  *Clancy*, 2007 WL 969237, * 4 (citing cases).

Rule 15(a) provides that leave to amend a pleading "shall be freely granted when justice so requires."  Fed. R. Civ. P. 15(a).  Thus, an amended pleading may be filed pursuant to Rule 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile.  *Foman v. Davis*, 371 U.S. 178, 181 (1962).  Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be permitted.  *Block v. First Blood Associates,* 988 F. 2d 344, 350 (2d Cir. 1993). The circumstances present in the instant case support amending the Complaint to add the state court defendants.

First, with regard to prejudice, nothing in the record indicates that Defendants will not be afforded an adequate opportunity to prepare their defense in state court.  Nor can the filing of the instant motion less than five weeks after removal be considered unduly delayed or in bad faith.  Finally, Defendants do not argue that the claims asserted in the state court actions against the state court defendants to be joined are

7

futile or time-barred such that the addition in the instant action of such defendants and the respective claims would not be futile.  As such, Rule 15(a)'s requirements for leave to amend have been met.

Nevertheless, diversity destroying joinder is permitted when several factors of fundamental fairness weigh in favor of the moving party, including "(1) any delay, as well as the reason for the delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario*, 295 F.Supp.2d at 363 (citing cases).  Here, such factors weigh in favor of joinder.

First, Plaintiffs did not delay in seeking joinder.  Rather, the instant motion was filed less than five weeks after the action was removed from state court.  Second, as stated with regard to Rule 15(a), nothing in the record indicates that Defendants will be prejudiced by the lack of an adequate opportunity to prepare their defense in state court.  Nor do Defendants reference anything in support of their conclusory assertion that because the February 8, 2005 and June 3, 2005 actions, which have been consolidated, have been pending for approximately three years, joinder and remand to state court "'would stall and disrupt a nearly trial-ready suit in which the existing defendants have not sought to implead.'" Defendants' Memorandum at 3 (quoting *Nazario*, 295 F.Supp.2d at 364).  Third, it is undisputed that absent joinder, multiple litigation on identical issues will proceed in both the state and federal courts, thereby undermining judicial economy and efficiency and possibly resulting in inconsistent verdicts on identical issues.  Finally, Plaintiffs' assertions that they filed the instant action in state court to avoid concerns of a quickly expiring statute of limitations with

regard to Hoover's derivative claim and that it was always their intention to consolidate all the state court actions and the instant action into one action in state court is corroborated by the fact that Plaintiffs have already had the February 8, 2005 action and the June 3, 2005 actions consolidated, which also establishes that Plaintiffs's motivation in seeking joinder and remand is not a desire for piecemeal litigation.

Accordingly, Plaintiffs' motion to join the defendants from the state court actions as defendants in the instant action is GRANTED, and the matter is remanded to state court.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion for joinder (Doc. No. 9) is GRANTED, and the matter is remanded to New York Supreme Court, Niagara County.  The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     April 9, 2008
           Buffalo, New York